# EXHIBIT A

Filed and Attested by the Office of Judicial Records 10 DEC 2025 04:24 pm B. BALILONIS

| | |
|---|---|
| SAFFREN & WEINBERG<br>BY: MARC A. WEINBERG, ESQUIRE<br>815 Greenwood Avenue, Suite 22<br>Philadelphia, Pa. 19103<br>215-576-0100<br>Attorney ID# 60643 | Attorney for Plaintiff<br><br>**MAJOR NON JURY** |
| CARLOS ALONSO<br>1221 S. 7th Street<br>Philadelphia, PA 19147<br>vs.<br>WAL-MART STORES EAST LP<br>702 S.W. 8th Street<br>Bentonville, AR 72716<br>and<br>WAL-MART STORES EAST, INC.<br>702 S.W. 8th Street<br>Bentonville, AR 72716<br>and<br>WAL-MART STORES, INC. a/k/a<br>WAL-MART, INC<br>702 S.W. 8th Street<br>Bentonville, AR 72716<br>and<br>WALMART SUPERCENTER #2141<br>1675 S. Christopher Columbus Boulevard<br>Philadelphia, PA 19148<br>and<br>JOHN DOE #1 and #2<br>And<br>JANE DOE #1 and #2<br>And<br>XYZ CORPORATIONS #1 and #2 | COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY<br><br>No. |

## NOTICE TO DEFEND

**NOTICE**

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by**

**AVISO**

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros**

plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION
Lawyer Referral Service
One Reading Center
Philadelphia, PA 19103
(215) 238-6300

derechos importante para usted. LLEVE ESTA DEMANDA A UN ABODADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center
Philadelphia, PA 19107
Telefono: (215) 238-6300

| | |
|---|---|
| SAFFREN & WEINBERG<br>BY: MARC A. WEINBERG, ESQUIRE<br>815 Greenwood Avenue, Suite 22<br>Philadelphia, Pa. 19103<br>215-576-0100<br>Attorney ID# 60643 | Attorney for Plaintiff<br><br>MAJOR NON JURY |
| CARLOS ALONSO<br>1221 S. 7th Street<br>Philadelphia, PA 19147<br>vs.<br>WAL-MART STORES EAST LP<br>702 S.W. 8th Street<br>Bentonville, AR 72716<br>and<br>WAL-MART STORES EAST, INC.<br>702 S.W. 8th Street<br>Bentonville, AR 72716<br>and<br>WAL-MART STORES, INC. a/k/a<br>WAL-MART, INC<br>702 S.W. 8th Street<br>Bentonville, AR 72716<br>and<br>WALMART SUPERCENTER #2141<br>1675 S. Christopher Columbus Boulevard<br>Philadelphia, PA 19148<br>and<br>JOHN DOE #1 and #2<br>And<br>JANE DOE #1 and #2<br>And<br>XYZ CORPORATIONS #1 and #2 | COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY<br><br><br><br>No. |

## COMPLAINT

1. Plaintiff, Carlos Alonso, is an adult individual currently residing at the above address.

2. Defendant, Wal-Mart Stores East LP, is believed to be either a Pennsylvania or foreign corporation, partnership, sole proprietorship or other form of

business entity with an address for service at the above address and at all times material doing business on Philadelphia County.

3. On or about December 18, 2023, Defendant, Wal-Mart Stores East LP was the operating entity for the Walmart Store located at 1675 South Christopher Columbus Boulevard, Philadelphia, Pa.

4. On or about December 18, 2023, Defendant, Wal-Mart Stores East LP operated a Walmart retail store located at 1675 South Christopher Columbus Boulevard, Philadelphia, Pa.

5. Defendant, Wal-Mart Stores East, Inc., is believed to be either a Pennsylvania or foreign corporation, partnership, sole proprietorship or other form of business entity with an address for service at the above address and at all times material doing business on Philadelphia County.

6. On or about December 18, 2023, Defendant, Wal-Mart Stores East, Inc., was the operating entity for the Walmart Store located at 1675 South Christopher Columbus Boulevard, Philadelphia, Pa.

7. On or about December 18, 2023, Defendant, Wal-Mart Stores East, Inc. operated a Walmart retail store located at 1675 South Christopher Columbus Boulevard, Philadelphia, Pa..

8. Defendant, Wal-Mart Stores, Inc., a/k/a Wal-Mart, Inc. is believed to be either a Pennsylvania or foreign corporation, partnership, sole proprietorship or other form of business entity with an address for service at the above address and at all times material doing business on Philadelphia County.

9. On or about December 18, 2023, Defendant, Wal-Mart Stores, Inc., a/k/a Wal-Mart, Inc. was the operating entity for the Walmart Store located at 1675 South Christopher Columbus Boulevard, Philadelphia, Pa.

10. On or about December 18, 2023, Defendant, Wal-Mart Stores, Inc., a/k/a Wal-Mart, Inc. operated a Walmart retail store located at 1675 South Christopher Columbus Boulevard, Philadelphia, Pa.

11. Defendant, Walmart Supercenter #2141, is believed to be either a Pennsylvania or foreign corporation, partnership, sole proprietorship or other form of business entity with an address for service at the above address and at all times material doing business on Philadelphia County.

12. On or about December 18, 2023, Defendant, Walmart Supercenter #2141 was the operating entity for the Walmart Store located at 1675 South Christopher Columbus Boulevard, Philadelphia, Pa.

13. On or about December 18, 2023, Defendant, Walmart Supercenter #2141 operated a Walmart retail store located at 1675 South Christopher Columbus Boulevard, Philadelphia, Pa.

14. Defendant, John Doe #1, individual, by information and belief was an individual also involved as the owners, possessors, managers, controllers, operators, worker, employee and property service persons of property where Plaintiff, Carlos Alonso fell, and has been designated as a John Doe under Rule 2005 of the Pennsylvania Civil Rules of Procedure. Defendant, John Doe #1's actual name is unknown to the Plaintiff after having conducted a reasonable search with due diligence, which search is ongoing to determine John Doe #1's true identity. Upon determination of the true

identity of Defendant, John Doe#1, the appropriate legal name will be submitted for the identification of the fictitious name, John Doe #1.

15. Defendant, John Doe #2, individual, by information and belief was an individual also involved as the owners, possessors, managers, controllers, operators, worker, employee and property service persons of property where Plaintiff, Carlos Alonso fell, and has been designated as a John Doe under Rule 2005 of the Pennsylvania Civil Rules of Procedure. Defendant, John Doe #2's actual name is unknown to the Plaintiff after having conducted a reasonable search with due diligence, which search is ongoing to determine John Doe #2's true identity. Upon determination of the true identity of Defendant, John Doe#2, the appropriate legal name will be submitted for the identification of the fictitious name, John Doe #2.

16. Defendant, Jane Doe #1, individual, by information and belief was an individual also involved as the owners, possessors, managers, controllers, operators, worker, emplyee and property service persons of property where Plaintiff, Carlos Alonso fell, and has been designated as a John Doe under Rule 2005 of the Pennsylvania Civil Rules of Procedure. Defendant, Jane Doe #1's actual name is unknown to the Plaintiff after having conducted a reasonable search with due diligence, which search is ongoing to determine Jane Doe #1's true identity. Upon determination of the true identity of Defendant, Jane Doe #1, the appropriate legal name will be submitted for the identification of the fictitious name, Jane Doe #1.

17. Defendant, Jane Doe #2, individual, by information and belief was an individual also involved as the owners, possessors, managers, controllers, operators, worker, employee and property service persons of property where Plaintiff, Carlos

Alonso fell, and has been designated as a John Doe under Rule 2005 of the Pennsylvania Civil Rules of Procedure. Defendant, Jane Doe #2's actual name is unknown to the Plaintiff after having conducted a reasonable search with due diligence, which search is ongoing to determine Jane Doe #2's true identity. Upon determination of the true identity of Defendant, Jane Doe #2, the appropriate legal name will be submitted for the identification of the fictitious name, Jane Doe #2.

18. Defendant, XYZ Corporation #1, corporation and/or other business entity, by information and belief was a corporation and/or other business entity also involved as the owners, possessors, managers, controllers, operators, and property service persons of property where Plaintiff, Carlos Alonso fell, and has been designated as a XYZ Corporation under Rule 2005 of the Pennsylvania Civil Rules of Procedure. Defendant, XYZ Corporation #1's actual name is unknown to the Plaintiff after having conducted a reasonable search with due diligence, which search is ongoing to determine XYZ Corporation #1's true identity. Upon determination of the true identity of Defendant, XYZ Corporation #1, the appropriate legal name will be submitted for the identification of the fictitious name, XYZ Corporation #1.

19. Defendant, XYZ Corporation #2, corporation and/or other business entity, by information and belief was a corporation and/or other business entity also involved as the owners, possessors, managers, controllers, operators, and property service persons of property where Plaintiff, Carlos Alonso fell, and has been designated as a XYZ Corporation under Rule 2005 of the Pennsylvania Civil Rules of Procedure. Defendant, XYZ Corporation #2's actual name is unknown to the Plaintiff after having conducted a reasonable search with due diligence, which search is ongoing to determine XYZ

Corporation #2's true identity. Upon determination of the true identity of Defendant, XYZ Corporation #2, the appropriate legal name will be submitted for the identification of the fictitious name, XYZ Corporation #2.

20. At all times material hereto, each of the Defendants, and each of them regularly conducted business within the Commonwealth of Pennsylvania including the City of Philadelphia, in that they regularly operated, managed, marketed, promoted, sold and/or distributed products at stores and operated stores located within the Commonwealth of Pennsylvania including the City of Philadelphia and specifically at 1675 S. Christopher Columbus Boulevard Philadelphia, PA 19148

21. At all times material hereto, the Defendants, and each of them acted by and through their respective agents, servants, workmen and/or employees, all of whom acted or failed to act within the course and scope of their agency/employment for Defendants.

22. The Defendant, Wal-Mart Stores East LP, jointly, severally and/or individually and by and through its agents, servants, workmen and/or employees had at the time set forth above the duty of maintaining the aforesaid premises and surrounding area in a reasonably safe condition for pedestrian use thereon.

23. The Defendant, Wal-Mart Stores East, Inc., jointly, severally and/or individually and by and through their agents, servants, workmen and/or employees had at the time set forth above the duty of maintaining the aforesaid premises and surrounding area in a reasonably safe condition for pedestrian use thereon.

24. The Defendant, Wal-Mart Stores, Inc. a/k/a Wal-Mart, Inc, jointly, severally and/or individually and by and through their agents, servants,workmen and/or

employees had at the time set forth above the duty of maintaining the aforesaid premises and surrounding area in a reasonably safe condition for pedestrian use thereon.

25. The Defendant, Walmart Supercenter #2141, jointly, severally and/or individually and by and through their agents, servants, workmen and/or employees had at the time set forth above the duty of maintaining the aforesaid premises and surrounding area in a reasonably safe condition for pedestrian use thereon.

26. The Defendant, John Doe #1, jointly, severally and/or individually and by and through their agents, servants, workmen and/or employees had at the time set forth above the duty of maintaining the aforesaid premises and surrounding area in a reasonably safe condition for pedestrian use thereon.

27. The Defendant, John Doe #2, jointly, severally and/or individually and by and through their agents, servants, workmen and/or employees had at the time set forth above the duty of maintaining the aforesaid premises and surrounding area in a reasonably safe condition for pedestrian use thereon.

28. The Defendant, Jane Doe #1, jointly, severally and/or individually and by and through their agents, servants, workmen and/or employees had at the time set forth above the duty of maintaining the aforesaid premises and surrounding area in a reasonably safe condition for pedestrian use thereon.

29. The Defendant, Jane Doe #2, jointly, severally and/or individually and by and through their agents, servants, workmen and/or employees had at the time set forth above the duty of maintaining the aforesaid premises and surrounding area in a reasonably safe condition for pedestrian use thereon.

30. The Defendant, XYZ Corporation #1, jointly, severally and/or

individually and by and through their agents, servants, workmen and/or employees had at the time set forth above the duty of maintaining the aforesaid premises and surrounding area in a reasonably safe condition for pedestrian use thereon.

31. The Defendant, XYZ Corporation #2, jointly, severally and/or individually and by and through their agents, servants, workmen and/or employees had at the time set forth above the duty of maintaining the aforesaid premises and surrounding area in a reasonably safe condition for pedestrian use thereon.

32 At all times material to this Civil Action, Defendants, and each of them acted or failed to act individually and/or as an agent, servant, workman and/or employee of Defendants.

33. In the alternative, at all times material to this Civil Action, Defendants, and each of them, acted or failed to act individually or through their agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment with said Defendants and in furtherance of the business of said Defendants.

34. The Defendants, and each of them, are vicariously liable for the conduct of their agents, servants, workmen and/or employee as their employer under vicarious liability, employment, agency, and/or *respondeat superior*.

35. On or about, December 18, 2023, Plaintiff, was a business invitee at the Walmart Supercenter store #2141 located at 1675 S. Christopher Columbus Boulevard, Philadelphia, Pennsylvania 19148 and was in an aisle when suddenly and without warning he slipped and fell on a piece of paper, believed to be shoe box paper, on the floor causing him to sustain injuries.

36. On or about, December 18, 2023, Defendants, and each of them operated the subject premises located at 1675 S. Christopher Columbus Boulevard, Philadelphia, Pennsylvania 19148.

37. On or about, December 18, 2023 and for at least six months prior thereto, the Walmart Supercenter store #2141 located at 1675 S. Christopher Columbus Boulevard, Philadelphia, Pennsylvania 19148, was owned, controlled, operated and under the possession of, managed, and/or maintained by one or more or all of the Defendants.

38. As a direct and proximate result of the aforesaid incident, Plaintiff sustained bodily injuries, including, but not limited to his head, neck, wrist, hand, foot, back, hip, ankle, knee, leg, eyes, shoulder, memory issues, concussion and other injuries.

39. As a further result of the aforesaid fall, Plaintiff has and may continue to suffer from great physical pain and suffering, mental pain and suffering, emotional upset and other non-economic losses.

40. As a further result of the aforesaid fall, Plaintiff has and may continue to be prevented from engaging in his normal daily activities, duties, routines and hobbies for which he is entitled to recover.

41. As a further result of the aforesaid fall, Plaintiff has and may continue to suffer from fear, frustration and anxiety, injuries and damages.

42. As a further result of the aforesaid fall, Plaintiff has and may continue to suffer from embarrassment, humiliation and degradation.

43. As a further result of the aforesaid fall, Plaintiff has and may continue to suffer from a loss of the normal pleasures and enjoyment of life.

44. As a further result of the aforesaid fall, Plaintiff was required to seek out and obtain medical attention and care for the purposes of treating, diagnosing and otherwise treating his injuries and in regard thereto, has incurred bills or has otherwise become obligated to pay large sums of money for such medical attention and care, and in the future, may be required to seek out and obtain additional medical attention and care and incur additional bills or otherwise become obligated to pay additional sums of money for such additional medical attention and care for which he is entitled to recover.

45. The aforesaid fall was not caused by any negligence or carelessness of Plaintiff and was due in no manner whatsoever to any act, or failure to act, on the part of Plaintiff.

**COUNT I:**
**<u>CARLOS ALONSO VS. WAL- MART STORES EAST LP</u>**

46. Plaintiff hereby incorporates all of the averments of the paragraphs above in this Complaint as though set forth herein at length.

47. The aforesaid fall and the injuries/damages sustained by Plaintiff were the direct and proximate result of the negligence and carelessness of the Defendants, Wal-Mart Stores East LP, its agents, servants, workmen and/or employees, and were due in no part to any act or any failure to act on the part of Plaintiff.

48. The aforesaid negligence and carelessness of the Defendant, Wal-Mart Stores East LP, its agents, servants, workmen and/or employees, consisted of, inter alia, the following:

a. causing and/or permitting the aforesaid area to become and remain defective and unsafe;

b. failing to properly and adequately maintain the premises;

c. failing to properly and adequately warn the plaintiff;

d. failing to properly and adequately inspect the area to ascertain the existence of defects and unsafe conditions on the real property;

e. causing and/or permitting unsafe conditions and other defects to become and remain in the aforesaid real property;

f. failing to properly and adequately correct the defective and unsafe conditions of the real property;

g. failing to use due care under the circumstances;

h. failing to properly maintain the property;

i. failing to properly clean and stock;

j. failing to restrict the public and plaintiff, in particular, from unsafe areas;

k. failing to employ competent individuals;

l. failing to monitor work of its employees;

m. allowing plaintiff to enter an area of danger;

n. permitting hazardous condition to exist and remain in the area where plaintiff fell;

o. failure to warn;

p. failure to maintain real property and subject location;

q. failure to make reasonable review of work performed by employees;

r. violating the statutes, ordinances and building codes of Philadelphia County and the Commonwealth of Pennsylvania relating to the premises; and

s. violating the Philadelphia Property and Philadelphia Building Code and Maintenance Code.

49. Defendant, Wal-Mart Stores East LP, is directly liable to Plaintiff for his injuries/damages on account of its own negligence or is vicariously liable pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff, Carlos Alonso, demands judgment in his favor and against Defendant, Wal-Mart Stores East LP, for its fair share, or jointly and/or severally with remaining Defendants, or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, reasonable counsel fees and such further relief as this Court deems just and appropriate.

**COUNT II:**
**CARLOS ALONSO VS. WAL- MART STORES EAST, INC.**

50. Plaintiff hereby incorporates all of the averments of the paragraphs above in this Complaint as though set forth herein at length.

51. The aforesaid fall and the injuries/damages sustained by Plaintiff were the direct and proximate result of the negligence and carelessness of the Defendant, Wal-Mart Stores East, Inc., its agents, servants, workmen and/or employees, and were due in no part to any act or any failure to act on the part of Plaintiff.

52. The aforesaid negligence and carelessness of the Defendant, Wal- Mart Stores East, Inc., its agents, servants, workmen and/or employees, consisted, inter alia, of the following:

a. causing and/or permitting the aforesaid area to become and remain defective and unsafe;

b. failing to properly and adequately maintain the premises;

c. failing to properly and adequately warn the plaintiff;

d. failing to properly and adequately inspect the area to ascertain the existence of defects and unsafe conditions on the real property;

e. causing and/or permitting unsafe conditions and other defects to become and remain in the aforesaid real property;

f. failing to properly and adequately correct the defective and unsafe conditions of the real property;

g. failing to use due care under the circumstances;

h. failing to properly maintain the property;

i. failing to properly clean and stock;

j. failing to restrict the public and plaintiff, in particular, from unsafe areas;

k. failing to employ competent individuals;

l. failing to monitor work of its employees;

m. allowing plaintiff to enter an area of danger;

n. permitting hazardous condition to exist and remain in the area where plaintiff fell;

o. failure to warn;

p. failure to maintain real property and subject area;

q. failure to make reasonable review of work performed by employees;

r. violating the statutes, ordinances and building codes of Philadelphia County and the Commonwealth of Pennsylvania relating to the premises; and

s. violating the Philadelphia Property and Philadelphia Building Code and Maintenance Code.

53. Defendant, Wal-Mart Stores East, Inc., is directly liable to Plaintiff for his injuries/damages on account of its own negligence or is vicariously liable pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff, Carlos Alonso, demands judgment in his favor and against Defendant, Wal-Mart Stores East, Inc., for its fair share, or jointly and/or severally with remaining Defendants, or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, reasonable counsel fees and such further relief as this Court deems just and appropriate.

**COUNT III:**
**<u>CARLOS ALONSO VS. WAL – MART STORES, INC. A/K/A WAL-MART, INC.</u>**

54. Plaintiff hereby incorporates all of the averments of the paragraphs above in this Complaint as though set forth herein at length.

55. The aforesaid fall and the injuries/damages sustained by Plaintiff were the direct and proximate result of the negligence and carelessness of the Defendant, Wal-Mart, Inc., a/k/a Wal-Mart Inc. its agents, servants, workmen and/or employees, and were due in no part to any act or any failure to act on the part of Plaintiff.

56. The aforesaid negligence and carelessness of the Defendant, Wal-Mart Stores, Inc., a/k/a Wal-Mart Inc., its agents, servants, workmen and/or employees, consisted of, inter alia, the following:

a. causing and/or permitting the aforesaid area to become and remain defective and unsafe;

b. failing to properly and adequately maintain the premises;

c. failing to properly and adequately warn the plaintiff;

d. failing to properly and adequately inspect the area to ascertain the existence of defects and unsafe conditions on the real property;

e. causing and/or permitting unsafe conditions and other defects to become and remain in the aforesaid real property;

f. failing to properly and adequately correct the defective and unsafe conditions of the real property;

g. failing to use due care under the circumstances;

h. failing to properly maintain the property;

i. failing to properly clean and stock;

j. failing to restrict the public and plaintiff, in particular, from unsafe areas;

k. failing to employ competent individuals;

l. failing to monitor work of its employees;

m. allowing plaintiff to enter an area of danger;

n. permitting hazardous condition to exist and remain in the area where plaintiff fell;

o. failure to warn;

p. failure to maintain real property;

q. failure to make reasonable review of work performed by employees;

r. violating the statutes, ordinances and building codes of Philadelphia County and the Commonwealth of Pennsylvania relating to the premises; and

s. violating the Philadelphia Property and Philadelphia Building Code and Maintenance Code.

57. Defendant, Wal-Mart Stores, Inc., a/k/aWal-Mart Inc. is directly liable to Plaintiff for his injuries/damages on account of its own negligence or is vicariously liable pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff, Carlos Alonso, demands judgment in his favor and against Defendant, Wal-Mart Stores, Inc., for its fair share, or jointly and/or severally with remaining Defendants, or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, reasonable counsel fees and such further relief as this Court deems just and appropriate.

**COUNT IV:**
**CARLOS ALONSO VS. WALMART SUPERCENTER #2141**

58. Plaintiff hereby incorporates all of the averments of the paragraphs above in this Complaint as though set forth herein at length.

59. The aforesaid fall and the injuries/damages sustained by Plaintiff were the direct and proximate result of the negligence and carelessness of the Defendant, Walmart

Supercenter #2141, its agents, servants, workmen and/or employees, and were due in no part to any act or any failure to act on the part of Plaintiff.

60. The aforesaid negligence and carelessness of the Defendant, Walmart Supercenter #2141, its agents, servants, workmen and/or employees, consisted of, inter alia, the following:

a. causing and/or permitting the aforesaid area to become and remain defective and unsafe;

b. failing to properly and adequately maintain the premises;

c. failing to properly and adequately warn the plaintiff;

d. failing to properly and adequately inspect the area to ascertain the existence of defects and unsafe conditions on the real property;

e. causing and/or permitting unsafe conditions and other defects to become and remain in the aforesaid real property;

f. failing to properly and adequately correct the defective and unsafe conditions of the real property;

g. failing to use due care under the circumstances;

h. failing to properly maintain the property;

i. failing to properly clean and stock;

j. failing to restrict the public and plaintiff, in particular, from unsafe areas;

k. failing to employ competent individuals;

l. failing to monitor work of its employees;

m. allowing plaintiff to enter an area of danger;

n. permitting hazardous condition to exist and remain in the area where plaintiff fell;

o. failure to warn;

p. failure to maintain real property;

q. failure to make reasonable review of work performed by employees;

r. violating the statutes, ordinances and building codes of Philadelphia County and the Commonwealth of Pennsylvania relating to the premises; and

s. violating the Philadelphia Property and Philadelphia Building Code and Maintenance Code.

61. Defendant, Walmart Supercenter #2141, is directly liable to Plaintiff for his injuries/damages on account of its own negligence or is vicariously liable pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff, Carlos Alonso, demands judgment in his favor and against Defendant, Walmart Supercenter #2141, for its fair share, or jointly and/or severally with remaining Defendants, or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, reasonable counsel fees and such further relief as this Court deems just and appropriate.

**COUNT V:**
**CARLOS ALONSO VS. JOHN DOE #1 AND #2**

62. Plaintiff hereby incorporates all of the averments of the paragraphs above in this Complaint as though set forth herein at length.

63. The aforesaid fall and the injuries/damages sustained by Plaintiff were the direct and proximate result of the negligence and carelessness of the Defendant, John Doe #1 and #2, its agents, servants, workmen and/or employees, and were due in no part to any act or any failure to act on the part of Plaintiff.

64. The aforesaid negligence and carelessness of the Defendant, John Doe #1 and #2, its agents, servants, workmen and/or employees, consisted of the following:

a. causing and/or permitting the aforesaid area to become and remain defective and unsafe;

b. failing to properly and adequately maintain the premises;

c. failing to properly and adequately warn the plaintiff;

d. failing to properly and adequately inspect the area to ascertain the existence of defects and unsafe conditions on the real property;

e. causing and/or permitting unsafe conditions and other defects to become and remain in the aforesaid real property;

f. failing to properly and adequately correct the defective and unsafe conditions of the real property;

g. failing to use due care under the circumstances;

h. failing to properly maintain the property;

i. failing to properly clean and stock;

j. failing to restrict the public and plaintiff, in particular, from unsafe areas;

k. failing to employ competent individuals;

l. failing to monitor work of its employees;

m. allowing plaintiff to enter an area of danger;

n. permitting hazardous condition to exist and remain in the area where plaintiff fell;

o. failure to warn;

p. failure to maintain real property;

q. failure to make reasonable review of work performed by employees;

r. violating the statutes, ordinances and building codes of Philadelphia County and the Commonwealth of Pennsylvania relating to the premises; and

s. violating the Philadelphia Property and Philadelphia Building Code and Maintenance Code.

65. Defendant, John Doe #1 and #2, is directly liable to Plaintiff for his injuries/damages on account of its own negligence or is vicariously liable pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff, Carlos Alonso, demands judgment in his favor and against Defendant, John Doe #1 and #2, for their fair share, or jointly and/or severally with remaining Defendants, or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, reasonable counsel fees and such further relief as this Court deems just and appropriate.

**COUNT VI:**
**CARLOS ALONSO VS. JANE DOE 1 AND 2**

66. Plaintiff hereby incorporates all of the averments of the paragraphs above

in this Complaint as though set forth herein at length.

67. The aforesaid fall and the injuries/damages sustained by Plaintiff were the direct and proximate result of the negligence and carelessness of the Defendant, Jane Doe #1 and #2, its agents, servants, workmen and/or employees, and were due in no part to any act or any failure to act on the part of Plaintiff.

68. The aforesaid negligence and carelessness of the Defendant, Jane Doe #1 and #2, its agents, servants, workmen and/or employees, consisted of, inter alia, the following:

a. causing and/or permitting the aforesaid area to become and remain defective and unsafe;

b. failing to properly and adequately maintain the premises;

c. failing to properly and adequately warn the plaintiff;

d. failing to properly and adequately inspect the area to ascertain the existence of defects and unsafe conditions on the real property;

e. causing and/or permitting unsafe conditions and other defects to become and remain in the aforesaid real property;

f. failing to properly and adequately correct the defective and unsafe conditions of the real property;

g. failing to use due care under the circumstances;

h. failing to properly maintain the property;

i. failing to properly clean and stock;

j. failing to restrict the public and plaintiff, in particular, from unsafe areas;

k. failing to employ competent individuals;

l. failing to monitor work of its employees;

m. allowing plaintiff to enter an area of danger;

n. permitting hazardous condition to exist and remain in the area where plaintiff fell;

o. failure to warn;

p. failure to maintain real property;

q. failure to make reasonable review of work performed by employees;

r. violating the statutes, ordinances and building codes of Philadelphia County and the Commonwealth of Pennsylvania relating to the premises; and

s. violating the Philadelphia Property and Philadelphia Building Code and Maintenance Code.

69. Defendant, Jane Doe #1 and #2, is directly liable to Plaintiff for his injuries/damages on account of its own negligence or is vicariously liable pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff, Carlos Alonso, demands judgment in his favor and against Defendant, Jane Doe #1 and #2, for their fair share, or jointly and/or severally with remaining Defendants, or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, reasonable counsel fees and such further relief as this Court deems just and appropriate.

**COUNT VII:**
**CARLOS ALONSO VS. XYZ CORPORATIONS #1 AND #2**

70. Plaintiff hereby incorporates all of the averments of the paragraphs above in this Complaint as though set forth herein at length.

71. The aforesaid fall and the injuries/damages sustained by Plaintiff were the direct and proximate result of the negligence and carelessness of the Defendant, XYZ Corporations #1 and #2, its agents, servants, workmen and/or employees, and were due in no part to any act or any failure to act on the part of Plaintiff.

72. The aforesaid negligence and carelessness of the Defendant, XYZ Corporations #1 and #2, its agents, servants, workmen and/or employees, consisted of the following:

a. causing and/or permitting the aforesaid area to become and remain defective and unsafe;

b. failing to properly and adequately maintain the premises;

c. failing to properly and adequately warn the plaintiff;

d. failing to properly and adequately inspect the area to ascertain the existence of defects and unsafe conditions on the real property;

e. causing and/or permitting unsafe conditions and other defects to become and remain in the aforesaid real property;

f. failing to properly and adequately correct the defective and unsafe conditions of the real property;

g. failing to use due care under the circumstances;

h. failing to properly maintain the property;

i. failing to properly clean and stock;

j. failing to restrict the public and plaintiff, in particular, from unsafe areas;

k. failing to employ competent individuals;

l. failing to monitor work of its employees;

m. allowing plaintiff to enter an area of danger;

n. permitting hazardous condition to exist and remain in the area where plaintiff fell;

o. failure to warn;

p. failure to maintain real property;

q. failure to make reasonable review of work performed by employees;

r. violating the statutes, ordinances and building codes of Philadelphia County and the Commonwealth of Pennsylvania relating to the premises; and

s. violating the Philadelphia Property and Philadelphia Building Code and Maintenance Code.

73. Defendant, XYZ Corporations #1 and #2, is directly liable to Plaintiff for his injuries/damages on account of its own negligence or is vicariously liable pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff, Carlos Alonso, demands judgment in his favor and against Defendant, XYZ Corporations #1 and #2, for its fair share, or jointly and/or severally with remaining Defendants, or in the alternative, in an amount in excess of Fifty

Thousand Dollars ($50,000.00), together with interest, costs, reasonable counsel fees and such further relief as this Court deems just and appropriate.

SAFFREN & WEINBERG

BY: ______________________________
MARC A. WEINBERG, ESQUIRE
Attorney for Plaintiff

**VERIFICATION**

I, MARC A. WEINBERG, ESQUIRE, hereby state that I am the attorney for the Plaintiff in the foregoing action and that the facts in the foregoing Civil Action-Complaint, are true and correct to the best of my knowledge, information and belief, and that the statements therein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

/s/ Marc A. Weinberg, Esquire

BY: MARC A. WEINBERG, ESQUIRE
*Attorney for Plaintiff, Carlos Alonso*

Date: ***December 10, 2025***